IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RYAN WOOD, et al.,

                Plaintiffs,

v.

HEARTLAND RECOVERY, INC.,

                Defendant.

Case No. 22-2279-DDC

## MEMORANDUM AND ORDER

The court previously ordered plaintiffs Ryan and Waymond Wood to show cause why the court shouldn't dismiss their claims against defendant Heartland Recovery, Inc. for failure to prosecute. Doc. 75. Plaintiffs timely responded, asserting "that they are still pursuing their claims against Heartland Recover[y.]" Doc. 77 at 1. Demonstrating this pursuit, plaintiffs moved for default judgment against Heartland Recovery. Doc. 76. The court thus concludes that plaintiffs have shown good cause why the court shouldn't dismiss their claims against Heartland Recovery for failure to prosecute.

That's not the end of the story, however. After filing their Motion for Default Judgment, plaintiffs filed a "Notice of Settlement" informing the court that they've reached a settlement with Heartland Recovery. Doc. 78. Plaintiffs have asked the court for 60 days to complete the settlement and file the necessary papers. *Id.* at 1. So, plaintiffs seek to dismiss their claims against Heartland Recovery voluntarily, rather than by a default judgment. In light of this, the court, in its discretion, denies plaintiffs' Motion for Default Judgment (Doc. 76) without

prejudice to refiling.[1]  The court also grants plaintiffs' request for 60 days to file their dismissal papers.  And the court administratively closes the case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' Motion for Default Judgment (Doc. 76) is denied.

**IT IS SO ORDERED.**

**Dated this 31st day of July, 2024, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

---

[1]  Heartland Recovery occupies something of an unusual position.  The Clerk of the Court has entered default against defendant Heartland Recovery.  Doc. 37.  Though Heartland Recovery never has appeared in the case, plaintiffs evidently have communicated with Heartland Recovery as indicated by plaintiffs' Notice of Settlement.  This has ramifications for default judgment because "when the parties have been actively engaged in settlement negotiations and defendant has indicated an intent to defend courts have found that defendant has made an 'appearance' requiring notice of any default proceedings." 10A Mary Kay Kane et al., *Federal Practice and Procedure* § 2686 (4th ed. 2024); *see also United States v. Fehrenbacher*, No. 10-cv-01290-WYD-MEH, 2011 WL 3156948, at *2 n.2 (D. Colo. July 7, 2011) (noting "a circuit split concerning whether informal out-of-court documents and statements can constitute an appearance"); *HFR, Inc. v. Hildyard*, No. 05-2300-JWL, 2007 WL 4374174, at *8 (D. Kan. Dec. 13, 2007) (acknowledging that circuits "are divided on whether something less than a formal appearance triggers Rule 55(b)(2)'s notice requirement" and predicting Tenth Circuit would adopt "prevailing view . . . that the rule applies not only to parties who have formally appeared, but also to those who have otherwise indicated to the moving party a clear purpose to defend the suit").  The court notes that plaintiffs' Motion for Default Judgment doesn't indicate that plaintiffs have given Heartland Recovery notice of any default proceedings, even though they've communicated with Heartland Recovery.  The court only notes this issue—and doesn't address it fully—because this Order denies plaintiffs' Motion for Default Judgment without prejudice.